E-FILED
Thursday, 24 October, 2019 03:20:29 PM
Clerk, U.S. District Court, ILCD

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Justin T. Stubbs,           )
                            )
            Plaintiff       )
                            )
       vs.                  )      Case No. _____
                            )      (*The case number will be assigned by the clerk*)
Sheriff David Clague        )
Brad Abernathy              )
Admn Louis Glossip          )
Toney Binnard               )
Unknown Kitchen Supervisor  )
Advanced Correctional Healthcare )
Unknown Nurse               )
Correctional Officer Damewood,   )
                            )
            Defendant(s)    )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[X] Unknown  8th Amendment Violations 4th & 14th Amendment Violation

---

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

# I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

# II. PARTIES

A. Plaintiff:

Full Name: Justin T. Stubbs

Prison Identification Number: _____

Current address: 152 S. Kellogg St, Galesburg, IL 61401

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Louis Glossip

Current Job Title: Knox County Jail Admin

Current Work Address: 152 S. Kellogg St Galesburg IL 61401 Knox County Sheriff dept.

Defendant #2:

Full Name: David Clague

Current Job Title: Sheriff

Current Work Address: 152 S. Kellogg St Galesburg IL 61401 Knox County Sheriff's Dept.

Defendant #3:

Full Name: Brad Abernathy

2

Current Job Title: Knox County Jail admin

Current Work Address 152. S. Kellogg st Galesburg IL 61401
Knox County Sheriff's Dept

Defendant #4:

Full Name: Advanced Correctional healthcare

Current Job Title: Health Care Provider

Current Work Address: 3922 W. barring trace Peoria IL 61615

Defendant #5:

Full Name: _____

Current Job Title: Knox County Jail Kitchen Supervisor

Current Work Address 152 S. Kellogg St. Galesburg IL 61401
Knox County Sheriff's Dept.

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

3

Defendant #6

Full name: Tracey Burgard

Current Job title: Knox County Jail nurse Practitioner/Doctor

Current work address: 152 S. Kellogg St. Galesburg IL 61401
Knox County Sheriffs Dept.

Defendant #7

Full name: Knox County Jail nurse

Current Job title: Knox County Jail nurse

Current work address: 152 S. Kellogg St. Galesburg IL 61401
Knox County Sheriffs Dept.

Defendant #8

Full name: Dame wood

Current Job title: Correctional officer

Current work address: 152 S. Kellogg St Galesburg IL 61401
Knox County Sheriffs dept.

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒  No ☐

If your answer is no, explain why not ████████████████████████████

C. Is the grievance process completed? Yes ☒  No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Knox County Jail

Date(s) of the occurrence  10-10-19     9/17/19     5/29/19 - 6/5/19

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Count I  On October 10th, 2019, while in the custody of Knox County Jail the kitchen staff and supervisor served a dinner consisting of unknown ground meat, I would guess to be turkey, and oddly colored, hard, beans that appeared to have blackened sections as well as sprouts growing on them. It is presumed that either the beans, meat, or combination of the two were undercooked or improperly handled, or expired as the remainder of the evening was spent enduring intense stomach cramps, frequent diarrhea bouts, and vomiting. I ended up attempting to sleep in a sitting position against the wall of my bunk, as any effort to lay down intensified the stomach pains or was interrupted by another urgent visit to the toilet. I couldn't sleep for two days. Previous experience led me to believe my symptoms were due to contaminated food ████████████████████████ I sought medical attention and was informed by the nurse on duty that I was not the only one with these symptoms since that dinner was served. A grievance was filed to inform Louis Glossip as well as Brad Abernathy of my current situation and was met with the insinuation that I was lying and conspiring with other inmates in order to cause a ruckus, however this is not the first instance our food has been haphazardly served, on 9/29/19 raw or undercooked eggs were served for lunch within an egg salad, which I avoided for fear

5

of Salmonella and other dangers previous culinary experience has taught me, and went hungry that afternoon.

As far as treatment for my symptoms, I was instructed to continue drinking water, and that Tracy Burgard would be called to advise on the issue, seeing as there were multiple others expressing the same concerns. I have yet to recieve treatment or a follow-up exam. This is especially troubling as I was concerned about the symptoms involving a more serious complication involving previous medical history involving gall stones.

On 10/13/19 the same or similar discolored, hard, undercooked beans were served with rice, at which point I refused to eat that dinner and went hungry in fear of repeated or worse symptoms.

Count II. On the morning of Tuesday, 9/17/19 officer Damewood delivered a letter from my attorney, read it in front of me and tossed it to me. Upon leaving the cell, he addressed a small string crucifix I had hanging from my window in my door. Damewood expressed that I should take it down because "first shift might not tolerate it." I responded that it has been hanging there for weeks, and suggested I was becoming the victim of religious persecution "but ok." At that remark, officer Damewood proceeded to snatch it down off the door, left the cell, closed the door, and began to walk towards the exit door. I became angry and shouted through the mail slot of my door for him to give it back, and called him a "piece of garbage." His response was to return to my cell, open the door and shove me to the ground, striking my back against the concrete

6

close

bank, and shouting into my face so that I could feel the spit flecks that "If you ever talk to me like that again I will beat your ass." I refrained from resisting or striking back while we exchanged insults and he proceeded to shake down my cell. Among the things taken were paper I paid for and made into decoration to pass the time, a shirt I bought on commissary, and remains of shampoo also purchased on commissary. During the shake he made the comment that he was "getting me ready for the streets" to which I responded that I doubted people on the street would care about a string crucifix. His response was "Yeah well they don't fuck children either" referring to charges being brought against me. As soon as I was able, I filed a paper grievance, and after there was no response filed a second one on the kiosk. The reply was a claim that camera footage and officer testimony did not match my claims. I spoke with both Sgt Messmer and Martin, the latter claiming he would examine the camera footage and alleged audio log that Sgt Martin claimed should have been recorded as protocol for cell searches. He reported nothing to me afterwards. I requested both camera footage and alleged audio log to be released to me and my attorney. Again, I received no word on that other than that the matter had "already been addressed." Since this incident I have not only experienced increasing back pain from striking the bunk, but have been suffering psychologically with ever-increasing stress and anxiety. I am afraid that any officer can take it upon themselves to judge me guilty and deal whatever physical punishment they deem appropriate outside of due process with impunity, and I am afraid of further injury such as that inflicted on my lucid and nerve-damaged arm.



7

## RELIEF REQUESTED

(State what relief you want from the court.)

One million dollars    Emotional distress
One million dollars    Physical damages
One million dollars    Punitive damages
One million dollars    ~~~~ Psychological damages
One million dollars    Pain and suffering
Defendant pays all court costs
ask for injunction for food services reform
ask for injunction for medical care

**JURY DEMAND**    Yes ☒    No ☐

Signed this ~~Saturday~~ Sunday day of October 13, 20 19.

_Justin Stubbs_
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Justin T. Stubbs | |
| Address: 152 S. Kellogg St, Galesburg IL, 61401 | Telephone Number: 309-341-2988 |

8